**IBERIAN OIL CORPORATION,**
Appellant,

v.

**TEXAS CRUDE OIL COMPANY,**
Appellee.

No. 20914.

United States Court of Appeals
Fifth Circuit.

March 9, 1964.

Rehearing Denied April 8, 1964.

---

Duncan M. Smith, Jr., Lafayette, La., for appellant.

H. M. Holder, Shreveport, La., Burney Braly, Scott G. Baum, Jr., Fort Worth, Tex., for Texas Crude Oil Co.

Before BROWN, MOORE * and GEWIN, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment dismissing the complaint filed by Appellant, Iberian Oil Corporation, against the Appellee, Texas Crude Oil Company. The complaint sought a decree "adjudging and decreeing that Texas Crude Oil Company has neither earned nor acquired any rights" in the mineral transactions described; "ordering and decreeing the cancellation and termination" thereof; "directing the Clerk of Court of St. Martin Parish, Louisiana, to cancel and erase said transfer and sublease from the records"; and also for an accounting and money judgment for amounts due resulting from such cancellation and forfeiture. On a record described by the District Judge as "most voluminous, consisting of approximately 20 pounds of affidavits, pleadings, depositions, and exhibits," the District Court concluded that there was no genuine issue of fact as to any one or more or all of the seven specified defaults giving rise to the claimed forfeiture. The nature of the underlying mineral transactions, the contentions of the parties, the legal and factual controversies presented are all set forth in the able opinion of the District Court, Iberian Oil Corporation v. Texas Crude Oil Co., D.C.La., 1963, 212 F.Supp. 941.

Considering that this was, as the District Judge described it an "action to cancel an oil, gas and mineral lease" and is therefore "an equitable proceeding * * * subject to judicial control" requiring that "there must be a substantial breach of the contract" to "justify application of [such] remedy," 212 F. Supp. 941, 945, we agree that, under the circumstances therein outlined, summary judgment denying this relief was properly granted. This voluminous but carefully prepared record demonstrates that there was no genuine issue as to any material fact which would have supported the drastic relief sought. The summary judgment did not undertake to, nor does it, adjudicate any more than that. Cf. F.R.Civ.P. 56(c) (d).

Affirmed.

---

* Of the Second Circuit, sitting by designation.